UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH BALKMAN,

               Petitioner,                    **ORDER**
                                                             **No. 06-CV-6120(VEB)**

   -vs-

POOLE, SUPERINTENDENT,

               Respondent.
_____

       On July 22, 2010, this Court filed a Decision and Order (Docket #10) dismissing petitioner Keith Balkman's petition for habeas relief under 28 U.S.C. sec. 2254 and denying a certificate of appealability. Judgment was entered on July 23, 2010. (Docket #11).

       On July 26, 2010, the Court received from Balkman a motion to strike respondent's Answer as untimely filed. (Docket #12). Balkman alleges in Docket #11 and Docket #12 that he did not receive respondent's Answer until June 22, 2010, about a month before the Court issued its Decision and Order. He states in Docket #12 that he has attached copies of a document acknowledging receipt of respondent's answer on June 22, 2010; however, no exhibits were attached to this pleading. Balkman did attach several documents to Docket #11, his motion to strike respondent's answer. In particular, he attached a copy of a mail log entry in which he signed for an item of legal mail on June 22, 2010; the "sender" indicated on the log entry is "U.S. District Court." (Docket #11). Checking this against the Docket Sheet for Balkman's case, it does not appear that anything was mailed from the District Court to Balkman around this time. As noted above, the Court's Decision and Order dismissing the habeas petition was not filed until

July 22, 2010. It is possible that the identity of the "sender"was mistakenly noted on the mail log, and it was actually the respondent's attorney's office who mailed the item of mail Balkman claims he received on June 22, 2010.

In reviewing the Docket Sheet for this case, the Court notes that respondent's Answer and Memorandum of Law (Docket #6-1) was timely filed with this Court on May 31, 2006, along with a Certificate of Service upon Balkman (Docket #6-2). However, it appears that respondent's attorney served a copy of the Answer upon Balkman at the wrong address; the Certificate of Service indicates that it was sent to Upstate C.F., while Balkman was in fact housed at Five Points C.F. at the time he filed the Petition. *Compare* Docket #6-2 with Docket #1. It is regrettable that Upstate C.F. apparently did not forward a copy of the pleadings to Balkman at his new address. However, there is no reason to strike respondent's Answer because it was timely filed with the Court.

Turning next to Balkman's subsequently filed "Motion for Enlargement of Time to Respond to Order" (Docket #13), this Court has construed it as a motion for an enlargement of time, pursuant to Fed. R. App. P. 4(a)(5), to file a notice of appeal. Pursuant to the prisoner mailbox rule, this motion is deemed filed on the date Balkman turned the document over to prison officials for mailing–here, August 17, 2010.

Fed. R. App. P. 4(a)(5) provides that in a civil case, such as the instant Section 2254 habeas petition, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30-day period in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A), (5)(A)(i). The district court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" *Cohen v.*

*Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir.1998) (*per curiam*).

Balkman's notice of appeal was to be filed within a 30-day period, measured from the entry of judgment (July 23, 2010). Balkman's "Motion for Enlargement of Time" was filed on August 17, 2010, within the 30-day period applicable under Rule 4(a). Therefore, his motion for an enlargement of time to file a notice of appeal was timely, and this Court has jurisdiction to consider his motion.

Fed. R. App. P. 4(A)(5)(ii) requires that a movant show excusable neglect or good cause why such a motion should be granted. Given the circumstances discussed above in regard to Balkman's having been belatedly served with a copy of respondent's Answer, the Court finds good cause to grant his motion for an enlargement of time to file a notice of appeal.

Based upon this Court's review, **Balkman's motion to strike respondent's answer (Docket #11) is DENIED. Balkman's Motion for Enlargement of Time to Respond to Order (Docket #12) is GRANTED. <u>The petitioner's time to file a notice of appeal is extended ten (10) days from the date of this Order.</u>** *See Cohen*, 142 F .3d at 118. The Court notes, however, that because this Court has denied a certificate of appealability, any notice of appeal filed by Balkman will be treated as an application to the Court of Appeals to grant a certificate of appealability. *See* Fed. R.App. Pro. 22(b)(2); *Smith v. Duncan*, 411 F.3d 340, 346 (2d Cir.2005). Furthermore, Balkman is advised that as set forth in Fed. R. App. P. 3(c), **"Contents of the Notice of Appeal," (1) [t]he notice of appeal must: (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1).**

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 1, 2010
Rochester, New York